IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-07-0398-01 |
| | § | |
| GERALDO SALAZAR | § | (Civil Action No. H-10-0198) |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion filed by the defendant, Geraldo Salazar (#13622-179), to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Doc. # 36]. The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the relevant proceedings, and application of governing legal authorities, the Court **denies** the defendant's motion and **dismisses** the corresponding civil action (No. H-10-0198) for reasons set forth below.

### I.     BACKGROUND AND PROCEDURAL HISTORY

A federal grand jury in this district returned an indictment against Salazar, charging him with illegally reentering the United States following his previous deportation for an aggravated felony. On December 21, 2007, Salazar entered a guilty plea without the benefit of a written plea agreement. In a judgment entered April 28, 2008, the Court sentenced Salazar to serve a total of 57 months in federal prison. Salazar did not file a direct appeal from the conviction or the sentence.

Salazar now seeks relief from his conviction and sentence under 28 U.S.C. § 2255. Salazar contends that he is entitled to relief because his sentence violates his right to equal

protection. The motion, which is dated January 11, 2010, is well outside the one-year statute of limitations for collateral review. *See* 28 U.S.C. § 2255(f); *see also United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Other than pointing to his status as an indigent inmate, Salazar provides no explanation for his failure to seek relief within the statutory time period. [Doc. # 36]. For this reason alone, the motion must fail. Alternatively, the Court concludes that Salazar is not entitled to relief for additional reasons outlined below.

## II.    STANDARD OF REVIEW

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Frady*, 456 U.S. at 166. Of course, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel, "since no opportunity existed [before the district court] to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987); *see also Massaro v. United States*, 538 U.S. 500 (2003).

Salazar proceeds *pro se* in this matter. "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"

*Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997). Nevertheless, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

## III.   DISCUSSION

In this case, Salazar maintains that his sentence violates the United States Constitution because, as a deportable alien, he is not entitled to participate in a residential drug treatment program during his incarceration or to early release from imprisonment to a half-way house. Salazar reasons, therefore, that he has been denied equal treatment or equal protection under the law because of his immigration status. Salazar's allegations fail to state a valid claim for a number of reasons.

Court records show that Salazar's conviction for illegal reentry was not his first one in federal court. In a previous judgment entered on May 15, 2002, Salazar was sentenced to

serve 46 months in prison pursuant to his guilty plea to charges of possession with intent to distribute 100 kilograms or more of marijuana. *See United States v. Salazar*, Criminal No. H-01-0904-03 (S.D. Tex.). Salazar committed the instant offense of illegal reentry to the United States following his deportation while he was still on probation for his prior drug-trafficking conviction. Salazar also committed a state law violation while on supervised release from that offense[1] The record reflects that Salazar made no objections to the Pre-Sentence Report that this Court considered when imposing the sentence in this case. [Doc. # 22, *Statement of No Objections*]. Other than pointing to his immigration status, Salazar does not allege any specific facts showing that he was sentenced incorrectly under the circumstances.

Moreover, the record also reflects that Salazar did not challenge his sentence by filing an appeal. It follows that his claims are barred by the doctrine of procedural default. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (observing that "review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice"). To the extent that Salazar complains about the

---

[1] According to the judgment, the 57-month sentence imposed in this case is to run consecutively to a 4-month sentence that was imposed for the revocation of Salazar's supervised release in Criminal No. H-01-00904-03, but concurrently with a sentence imposed in state court in Harris County cause number 1128716. [Doc. # 34, *Judgment*, at 3]. The record reflects that Salazar was convicted in the 230th District Court for Harris County, Texas, in cause number 1128716, and sentenced to 15 years in prison following his guilty plea on January 11, 2008, to charges of unlawfully possessing with intent to deliver a controlled substance, namely, cocaine.

way he was sentenced, a defendant cannot raise a downward departure claim for the first time in a § 2255 motion. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (holding that the district court's application of the Sentencing Guidelines does not give rise to a claim cognizable under § 2255).

Salazar does not otherwise show that he was entitled to a downward departure at sentencing or that a reduction in sentence is warranted as a result of the collateral consequences articulated in his motion. *See Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (A prisoner has "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence."); *see also Moreno v. United States*, 2007 WL 2712482, *2 (N.D. Tex. 2007) (noting that "[t]he mere fact that defendant is not eligible for early release to a halfway house . . . is not enough to take this case outside the "heartland" of typical cases covered by the sentencing guidelines") (citations omitted); *United States v. Foote*, 2001 WL 671465, *1 (N.D. Tex. 2001) ("The argument that, as a general matter, aliens are treated more harshly than citizens in sentencing is not sufficient to take a case outside the heartland.")(citing *United States v. Angel-Martinez*, 988 F.Supp. 475, 482-84 (D.N.J. 1997)). Salazar has failed to present any compelling reason that would justify a reduction in sentence. Based on this record, Salazar has failed to show that he was sentenced improperly or that he is entitled to relief under any theory advanced in this case.

## IV.   **CERTIFICATE OF APPEALABILITY**

The pending motion under 28 U.S.C. § 2255 motion is governed by the Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability ("COA") is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## V.     CONCLUSION

Salazar's claims are untimely and subject to dismissal under the doctrine of procedural default. Alternatively, because the defendant has failed to establish an error of constitutional or jurisdictional magnitude, he is not entitled to relief under 28 U.S.C. § 2255. Accordingly, the Court **ORDERS** as follows:

1. The defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 36] is **DENIED** and the corresponding civil action (H-10-0198) is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk's Office will provide a copy of this order to the parties and will file a copy of this order in the corresponding civil case (Civil Action No. H-10-0198).

SIGNED at Houston, Texas, on February 17th, 2010.

_____
Nancy F. Atlas
United States District Judge